**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

N.R.,

Plaintiff,

v.

SAN DIEGUITO UNION HIGH SCHOOL DISTRICT,

Defendant.

Case No.: 25-cv-03143-DMS-DDL

**ORDER**
**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*;**
**(2) DISMISSING COMPLAINT *SUA SPONTE*;**
**(3) DENYING MOTION FOR TEMPORARY RESTRAINING ORDER; AND**
**(4) DENYING MOTION FOR THE APPOINTMENT OF COUNSEL**

On November 13, 2025, Plaintiff N.R., proceeding *pro se*, filed this action against the San Dieguito Union High School District ("District"). (Compl., ECF No. 1 at 1).[1] Plaintiff's first filing is styled as an Emergency Ex Parte Application and Motion for Temporary Restraining Order, Preliminary Injunction, and Order to Show Cause. (*Id.*). The Court liberally construes this filing as the operative Complaint, a Motion for a

---

[1] Under the Federal Rules of Civil Procedure, the "title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). A party may only use a pseudonym "in the unusual case when nondisclosure of the party's identity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000) (citation modified). As Plaintiff has not made this showing, any amended complaint must either state her full name or be accompanied by a motion for leave to proceed under a pseudonym. However, Plaintiff's minor son may properly be referred to by his initials pursuant to Federal Rule of Civil Procedure 5.2(a).

Temporary Restraining Order, and a Motion for the Appointment of Counsel. (*Id.* at 1, 14); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . . ." (citation modified)). Plaintiff concurrently filed a Motion to Proceed *In Forma Pauperis* ("*IFP* Motion"). (*IFP* Mot., ECF No. 2). In this action, Plaintiff seeks relief for herself and her minor son, alleging violations of Section 504 of the Rehabilitation Act, the Americans with Disabilities Act ("ADA"), the First Amendment through 42 U.S.C. § 1983, and several federal criminal statutes. (Compl. 2–3, 10–12); *see* 29 U.S.C. § 794; 42 U.S.C. § 12132; 18 U.S.C. §§ 241, 1512, 1519. For the following reasons, the Court grants Plaintiff's *IFP* Motion, *sua sponte* dismisses the Complaint with leave to amend, denies the Motion for a Temporary Restraining Order, and denies the Motion for the Appointment of Counsel.

## I. MOTION TO PROCEED *IN FORMA PAUPERIS*

Parties instituting a civil action in a United States district court must pay a filing fee of $405. 28 U.S.C. § 1914(a)–(b).[2] However, a court may authorize a party to proceed *in forma pauperis* ("*IFP*") without the prepayment of fees if the party submits an affidavit demonstrating their inability to pay. § 1915(a)(1); *see* CivLR 3.2(a) (listing specific requirements for the affidavit). Although a party need not be "absolutely destitute" to proceed *IFP*, they must "allege poverty with some particularity, definiteness and certainty" such that they could not "pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citation modified).

Plaintiff's *IFP* Motion consists of an Application to Proceed in District Court Without Prepaying Fees or Costs (Form AO 240). (*IFP* Mot. 1). Plaintiff reports that she is not employed and that her only income from the previous twelve months was from disability payments. (*Id.*). Plaintiff states that she has $600 but no other assets, having

---

[2] The $405 fee consists of a $350 filing fee mandated by § 1914(a) and a $55 administrative fee prescribed by the Judicial Conference of the United States pursuant to § 1914(b). *See* Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). However, the filing fee for an application for a writ of habeas corpus is $5. § 1914(a).

cashed out her 401(k) and owing $60,000 in credit card debt. (*Id.* at 2). Plaintiff itemizes monthly expenses totaling approximately $8,235. (*Id.*). The Court finds that Plaintiff has sufficiently demonstrated that she cannot "pay the court costs and still afford the necessities of life." *Escobedo*, 787 F.3d at 1234. Accordingly, the Court grants Plaintiff's *IFP* Motion.

## II. *SUA SPONTE* SCREENING

### A. Background

Plaintiff's minor son ("Student") is a tenth grader at Torrey Pines High School and has an active Section 504 plan. (Compl. 4). On August 12, 2025, Plaintiff alleges that she addressed the District Board of Trustees "reporting conflicts of interest among District counsel and requesting disclosure of Form 700 statements," as well as "rais[ing] concerns regarding conflicts and misuse of public funds" by school staff, attorneys, a now-retired judge, and an associated non-profit. (*Id.* at 4). Plaintiff alleges that following her public comment, she "experienced escalating retaliation and obstruction by District staff," including through "repeated delays and conflicting explanations for why other students could switch classes, but her son could not." (*Id.*). On or about September 8, 2025, Student enrolled for credit in the JV Football PE course. (*Id.*). Plaintiff alleges that despite his enrollment, Student has been excluded from all football instruction, drills, and team activities. (*Id.*). The District has allegedly invoked safety concerns preventing Student's participation. (*Id.* at 7–8). On September 19, 2025, Plaintiff alleges that the Assistant Principal added Student "to a sensitive internal email thread after being explicitly directed by parent not to do so." (*Id.* at 5). On October 1, 2025, Plaintiff states that she submitted a medical eligibility form for Student, confirming he was cleared for all sports without restriction. (*Id.* at 8). Plaintiff alleges that on October 16, 2025, she once again spoke at a District Board meeting, criticizing the Principal and Assistant Principal "for their discriminatory and retaliatory treatment of [Student]." (*Id.* at 2). Plaintiff alleges that "[w]ithin days, Defendants escalated retaliation dramatically, including through the issuance of a stay-away threat letter based on events that did not occur." (*Id.* at 2). On

October 28, 2025, Plaintiff alleges that she personally observed the football course "performing light, non-contact drills in small groups" which she argues contradicts the District's conditioning and safety explanations for Student's exclusion. (*Id.* at 5). On November 4, 2025, Plaintiff alleges that the Principal "issued a letter falsely accusing Plaintiff of 'unauthorized recording' and 'hostile conduct' after she briefly observed football instruction from public property outside of school hours." (*Id.* at 9). On November 13, 2025, Plaintiff filed the present action, alleging violations of Section 504 of the Rehabilitation Act, the ADA, the First Amendment through 42 U.S.C. § 1983, and several federal criminal statutes. (*Id.* at 2–3, 10–12). Plaintiff seeks a temporary restraining order "enjoining Defendants from continuing any act of retaliation, exclusion, or discrimination" and "immediately provid[ing] Plaintiff her ADA accommodation for written-only participation in all Section 504 matters." (*Id.* at 14). Plaintiff further requests that the temporary restraining order "immediately provide Student equal access to football instruction, participation, and evaluation associated with Football PE." (*Id.* at 15). Plaintiff also requests an injunction seeking largely the same relief, as well as requiring the District "[d]esignate a neutral, independent Section 504 coordinator unaffiliated with the current administrators to oversee compliance with Section 504 and ADA obligations" and "[p]reserve all relevant documents, emails, course rosters, communications, and financial or foundation records." (*Id.*). Plaintiff further requests declaratory relief, compensatory damages, punitive damages, and attorney fees. (*Id.* at 15–16).

**B. Legal Standard**

Under 28 U.S.C. § 1915(e)(2), the Court must screen an *IFP* complaint and dismiss the case if, at any time, it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (confirming § 1915(e)(2)(B) applies to non-prisoners as well). A complaint "is frivolous where it lacks an arguable basis either in law or in fact" and malicious where "it was filed with the intention or desire to harm another." *Neitzke v. Williams*, 490 U.S. 319,

325 (1989); *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation modified). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Accordingly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the plausibility of a complaint on a motion to dismiss, a court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Finally, dismissal is warranted when the plaintiff seeks monetary relief against an immune defendant, as long as the court "has sufficient information to make a determination on immunity." *Chavez v. Robinson*, 817 F.3d 1162, 1167 (9th Cir. 2016).

**C. Discussion**

The Court now examines the Complaint to determine whether it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant with immunity from such relief.

1. <u>Claims on Behalf of Student</u>

Many of Plaintiff's claims appear to be brought on behalf of her son. (*See* Compl. 2, 4–8, 14–15). However, in this Circuit, "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997); *see Grizzell v. San Elijo Elementary Sch.*, 110 F.4th 1177, 1179–81 (9th Cir. 2024) (following the "counsel mandate" rule from *Johns* despite statutory, constitutional, and policy arguments against it). As Plaintiff is not an attorney, claims brought on behalf of Student are dismissed unless reasserted through counsel. *See, e.g.*, *Reed ex rel. M.R. v. Eugene Sch. Dist. 4J*, No. 24-789, 2025 WL 1779779, at *1 (9th

Cir. June 27, 2025) (affirming *sua sponte* dismissal on this ground); *Diosdado ex rel. S. D. v. Huntington Beach Union High Sch. Dist.*, No. 25-299, 2026 WL 1284591, at *1 (9th Cir. May 11, 2026) (same).

2. Federal Criminal Claims

Plaintiff's Complaint repeatedly invokes federal criminal statutes 18 U.S.C. §§ 241, 1512, and 1519. (*See* Compl. 6). However, these criminal statutes do not provide a basis for civil liability. *See Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (confirming that § 241 does not give rise to civil liability because it is a criminal statute); *Ibale v. United States*, No. 2:26-cv-01531-CDS-MDC, 2026 WL 1759662, at *2 (D. Nev. June 18, 2026) (finding that §§ 1512 and 1519 "do not provide civil plaintiffs with a private right of action"). Furthermore, the Department of Justice memorandum identified by Plaintiff is an internal directive and does not create a private right of action. (Compl. 3 (citing Off. of the Att'y Gen., Dep't of Just., Upholding Constitutional Rights and Parental Authority in America's Education System (2025))). As these deficiencies cannot be remedied by amendment, these claims are dismissed without leave to amend. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (explaining that dismissal without leave to amend is proper when amendment would be futile).

3. Remaining Claims

The remainder of the Complaint appears to allege claims on Plaintiff's own behalf, principally that the District denied her reasonable accommodations and retaliated due to her advocacy. (Compl. 2, 9–10). However, dismissal may be warranted where a complaint "fails to specify what actions taken by each defendant caused injury in violation of which laws." *Deuschel v. Cal. Health & Hum. Servs. Agency*, No. 24-3129, 2025 WL 1625535, at *1 (9th Cir. June 9, 2025) (finding a complaint may be properly dismissed under § 1915(e)(2) for failing to comply with Rule 8); *see* Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."). Here, the caption only names the District, but

the Complaint seeks punitive damages "against individual Defendants" and makes allegations against various officials. (Compl. 11, 15 ("Plaintiff alleges that Judge Richard S. Whitney and related state officials continue to retaliate and obstruct federal oversight in violation of the ADA, § 504, 42 U.S.C. § 1983, and 18 U.S.C. § 241.")). Furthermore, the Complaint does not set out the claims in separate counts and is not clear on which claims are being asserted on whose behalf against which defendant. *Gibson v. City of Portland*, 165 F.4th 1265, 1290 (9th Cir. 2026) ("[P]ermitting parties to file pleadings that do not tie factual averments against specific parties to individual causes of action infringes Rule 8."). As such, the Complaint does not "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," as required by Rule 8. *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968 (9th Cir. 2006) (citation modified). A court "should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation modified). Here, excepting the claims brought under federal criminal statutes, it is not absolutely clear that the claims brought on Plaintiff's behalf could not be cured by amendment. Accordingly, Plaintiff's remaining claims are dismissed with leave to amend.

## III. MOTION FOR A TEMPORARY RESTRAINING ORDER

A temporary restraining order ("TRO") is a form of emergency injunctive relief aimed at preserving the status quo pending a hearing on a preliminary injunction. *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974); Fed. R. Civ. P. 65(b). Both TROs and preliminary injunctions are "extraordinary remed[ies] never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). A plaintiff seeking a TRO or preliminary injunction "must establish that (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) a preliminary injunction is in the public interest." *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1021 (9th Cir. 2009) (citing *Winter*, 555 U.S. at 20);

*Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) ("The legal standards applicable to TROs and preliminary injunctions are substantially identical." (citation modified)). However, as Plaintiff's Complaint has been dismissed, there is no operative complaint on which to base the Motion for a TRO. *See, e.g.*, *Abera v. S.D. Pacificvu LLC*, No. 3:25-cv-01437-RBM-DEB, 2025 WL 1645593, at *2 (S.D. Cal. June 10, 2025); *Kimble v. Birchank*, No. 25-CV-3507-AGS-SBC, 2026 WL 49455, at *1 (S.D. Cal. Jan. 7, 2026). Accordingly, Plaintiff's Motion for a TRO is denied without prejudice.

## IV. MOTION FOR THE APPOINTMENT OF COUNSEL

Plaintiff requests the appointment of *pro bono* counsel, citing her disability, the complexity of the issues, and the institutional resources of the District. (Compl. 14). There is no constitutional right to appointment of counsel in a civil case, unless an indigent litigant's physical liberty is at stake. *Lassiter v. Dep't of Soc. Servs. of Durham Cnty.*, 452 U.S. 18, 25 (1981). "However, a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). "When determining whether exceptional circumstances exist, a court must consider the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (citation modified). Here, neither consideration supports appointment at this time. Plaintiff's Complaint has been dismissed with leave to amend and thus a likelihood of success on the merits cannot presently be assessed. Furthermore, Plaintiff's Complaint does not evidence an inability to articulate claims on the legal issues involved. For those reasons, Plaintiff's Motion for the Appointment of Counsel is denied without prejudice.

## V. CONCLUSION AND ORDER

For the foregoing reasons, the Court (1) **GRANTS** Plaintiff's *IFP* Motion; (2) *sua sponte* **DISMISSES** Plaintiff's Complaint; (3) **DENIES** Plaintiff's Motion for a TRO without prejudice; and (4) **DENIES** Plaintiff's Motion for the Appointment of Counsel without prejudice. As discussed in this Order, the claims asserted on Student's behalf may

only be pursued through counsel and the claims brought under federal criminal statutes are dismissed without leave to amend. Within twenty-one (21) days of the date of this Order, Plaintiff may file an amended complaint with the claims asserted on her own behalf.

**IT IS SO ORDERED.**

Dated: August 11, 2026

Hon. Dana M. Sabraw
United States District Judge